JIMMY DALE OWENS, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 7515

October 7, 1974                    526 P.2d 1181

*Jeffrey D. Sobel* and *Jerrold Courtney,* of Las Vegas, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney, and *Dan M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

The evidence of Jimmy Dale Owens' guilt in the rape-murder of Carole Gillett in Clark County was overwhelming. His associate in the crime, Joe Walsh, had entered a negotiated plea of guilty, testified fully at the trial and was sentenced to life with possibility of parole. Owens appeals his sentence of life without possibility of parole.

Owens gave a video-taped confession after receiving complete warnings and admonitions and being represented by counsel. The only issue on appeal questions the propriety of the State's repeated reference to the jury that Carole Gillett, 42 years old, was a virgin at the time of her rape which appellant claims was irrelevant to the issue of guilt but was reversible error in that because of the references the inflamed jury sentenced him to life without possibility of parole instead of imposing life with possibility of parole such as given to Walsh.

Owens and Walsh, after an afternoon of drinking at Owens' home, in Las Vegas, on December 22, 1972, went out to gamble and to seek out sex activity. They saw Carole on the sidewalk, blocked her progress with their car, forced her into it and drove to Eldorado Canyon where both undressed her, forced her into oral copulation with Owens who then committed sexual intercourse with her despite her continuing resistance. Thereafter, to eliminate her as a witness, they strangled her with her panty hose, stabbed her in the back and pounded her face with rocks in order to cause disfigurement beyond recognition.

At trial a doctor testified that on July 29, 1971, several months before her murder, he had performed a hysterectomy on Carole and at that time she was a virgin. The evidence was allowed over objection. References to her virgin status were made by the prosecution three times to the jury.

The relevance of the woman's virginity to the rape-murder is not explained nor do we perceive any. It was error to allow

the subject into evidence and to be used before the jury. Whether it is probable that the verdict might have been different if the error had not been committed becomes the question to be resolved. State v. Brown, 400 P.2d 111 (Ariz. 1965). The verdict of guilt is not challenged, only the penalty and Owens feels that without the prejudicial evidence he might have been given life with possibility of parole the same as Walsh.

We are without means of knowing what sentence a jury would have imposed had they found Walsh guilty but they were saved that chore because Walsh entered a plea of guilty to first degree murder before Judge Compton conditioned upon approval of a sentence of life with possibility of parole. This was with the approval of the District Attorney's office pursuant to negotiation between defense counsel and the State.

Several factors appear which may well have influenced the jury to treat Owens more harshly. Owens was the leader of the two culprits, did most of the threatening and exercise of force to get her into the car to perform the act of oral copulation and who committed the rape. The jury had adequate grounds to find that it was Owens who suggested that the two men strangle the woman. The probability that the verdict would have been different had evidence of Miss Gillett's virginity been excluded is remote.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.